```
                    UNITED STATES DISTRICT COURT
                FOR THE EASTERN DISTRICT OF VIRGINIA
                           Norfolk Division
```

JOSEPH ALSTON, #321826

        Petitioner,

v.                                            CIVIL ACTION NO. 2:06cv277

GENE M. JOHNSON, Director of the
Virginia Department of Corrections,

        Respondent.

### UNITED STATES MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter was initiated by petition for a writ of habeas corpus under 28 U.S.C. § 2254. The matter was referred to the undersigned United States Magistrate Judge, pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and (C), Rule 72(b) of the Federal Rules of Civil Procedure, and Rule 72 of the Local Civil Rules of the United States District Court for the Eastern District of Virginia.

### I. STATEMENT OF THE CASE

#### A. Background

Petitioner, Joseph Alston ("Alston"), was convicted by a jury in the Circuit Court for the City of Norfolk, Virginia, ("Circuit Court") on April 11, 2003, of capital murder, attempted robbery and use of a firearm in the commission of a felony (two (2) counts).[1] Alston was sentenced to life imprisonment plus ten (10) years, as

---

[1] Alston was represented at trial by Lyn M. Simmons, Esq. and Bruce Sams, Esq. Attorney Simmons also represented Alston during his direct appeals.

reflected in the Court's Sentencing Order entered on May 13, 2003.

Thereafter, Alston filed his petition for appeal with the Court of Appeals of Virginia ("Court of Appeals").[2]  Alston's appeal was denied on the merits on October 31, 2003.[3]  Record No. 0989-03-1 ("Alston I").

On November 26, 2003, Alston filed a petition for appeal with the Supreme Court of Virginia.[4]  On March 23, 2004, the Supreme Court of Virginia summarily denied the appeal.  Record No. 032717 ("Alston II").  Alston did not file a petition for certiorari in the United States Supreme Court.

---

[2] In that petition, Alston raised a single ground for appeal, namely that the evidence was insufficient to support the attempted robbery and capital murder convictions.  Specifically, Alston argued that the testimony provided by Courtney Daniels and Shawn Robinson was not credible and that the meaning of the words used by the robber was unclear and the robber never demanded money.

[3] The Court of Appeals reviewed the evidence adduced at trial, which included the testimony of eyewitnesses that was considered by the jury, and the court determined that the Commonwealth's evidence was competent and sufficient to establish beyond a reasonable doubt that Alston was guilty of attempted robbery, capital murder and the related firearm charges. Alston I, at 2-3.  The court noted that under Virginia law the credibility of the witnesses was within the sound discretion of the jury as finders of fact, id. at 2, and that the words uttered by the robber, "Do you know what time it is? Give it on up," while the robber was pointing a firearm at the victims, was sufficient to establish attempted robbery, id. at 2-3.

[4] The sole ground for this appeal was the same as that presented to the Court of Appeals. See supra, note 2.

2

On February 8, 2005,[5] Alston executed a pro se petition for a writ of habeas corpus in the Circuit Court ("state habeas petition").[6] On May 2, 2005, the Circuit Court denied the petition on the merits.[7] Record No. L-05-402 ("Alston III"). On July 26,

---

[5] The petition appears to have been executed on February 8, 2005, but it was not stamped as filed by the court until February 23, 2005. The Court notes that a Virginia Supreme Court Special Rule, effective September 1, 2004, recognizes a prison mailbox rule for inmate filings in the Virginia trial courts: a paper is timely filed by an inmate when "deposited in the institution's internal mail system with first-class postage prepaid on or before the last day of filing." Va. Sup. Ct. R. 3A:25. In the absence of evidence to the contrary, the Court has applied this rule in considering Alston's petition as filed on February 8, 2005.

[6] In this petition Alston raised essentially the following grounds:
   (A) Alston was denied his right to a fair and impartial jury because a juror was replaced by the trial court, after the close of the Commonwealth's evidence, when it was discovered that the juror had failed to acknowledge during voir dire that he knew the prosecuting attorney; and
   (B) Counsel was ineffective for failing to raise the jury issue on direct appeal; though counsel had moved for a mistrial arising out of the court's decision to replace a juror after the close of the Commonwealth's evidence, and that motion was denied, the only issue raised by counsel on direct appeal was error relating to sufficiency of the evidence.

[7] The Circuit Court held that claim (A) was procedurally barred from review, under Slayton v. Parrigan, 215 Va. 27 (1974), because a petitioner cannot raise a non-jurisdictional issue in habeas that has been raised and considered on the merits by the trial court. Alston III, at 2. The court noted that it had considered, but rejected the issue in connection with defense counsel's motion for a mistrial after the juror was stricken. Id. The court also found that the claim failed because Alston had failed to overcome the presumption that the jurors would follow the instructions of the trial court. Id. at 2-3. The court also held that claim (B) was without merit because Alston had not met his burden to demonstrate ineffective assistance of counsel under Strickland v. Washington, 466 U.S. 668 (1984), since counsel's choice of which issues to raise on appeal "is virtually unassailable." Alston III, at 3.

3

2005,[8] Alton filed his petition for appeal of this decision.[9] On December 5, 2005, the Supreme Court of Virginia summarily refused the petition, finding no reversible error in the Circuit Court's decision. Record No. 051626 ("Alston IV").

On May 12, 2006, while in the custody of the Virginia Department of Corrections at the Sussex One State Prison, Alston executed a federal petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 ("federal petition"). The Court ordered this petition filed on June 8, 2006.[10] On June 30, 2006, Respondent

---

[8]The petition appears to have been executed on July 26, 2005, but it was not filed by the court until August 17, 2005. Applying the mailbox rule, supra, the Court considers the petition to have been filed as of the date of execution, July 26, 2005.

[9]In that petition, Alston raised the same issues presented in his state habeas petition.

[10]Alston appears to have originally executed a federal petition for habeas corpus on May 12, 2006. The petition was postmarked May 12, 2006, was received by the United States District Court for the Eastern District of Virginia, Richmond Division, on May 15, 2006, and was conditionally filed with this Court on May 22, 2006, because it was not accompanied by the $5.00 filing fee or a request to proceed in forma pauperis. Subsequently, Alston paid the required $5.00 filing fee, and the Court ordered the petition to be filed in it order of June 8, 2006.
   Pursuant to the Rules Governing Section 2254 Cases in the United States District Courts, Rule 3(d), as amended on December 1, 2004, the Court recognizes the prison mailbox rule for federal habeas petitions. Accordingly, as there is no evidence in the record to the contrary, the Court will assume that Alston delivered his federal habeas petition for mailing on the date he signed it, May 12, 2006. Further, the Court considers Alston's petition as filed, for statute of limitations purposes, on that date.
   A federal habeas corpus petition is considered timely filed if it is deposited in the prison mailing system prior to the running of the statute of limitations, even if it does not comply with Rule 2 of the Rules Governing Section 2254 Cases or it lacks the requisite filing fee or in forma pauperis form. See Rule 3 2004

filed his Rule 5 Answer and Motion to Dismiss, accompanied by a supporting brief ("Respondent's Brief") and a Notice of Motion Pursuant to Local Rule 7(J).[11] Alston did not file a response to this motion.

### B. Grounds Alleged

Alston now asserts in this Court that he is entitled to relief under 28 U.S.C. § 2254 for the reasons substantially as follow:

(1) Counsel was ineffective for failing to raise an objection regarding a juror who "lied" during the voir dire and for failure to preserve the issue on appeal (related to, but substantively different from state habeas petition claim (A)); and

---

Advisory Committee's Notes (recognizing that Rule 3 is silent as to the filing date of a petition not submitted on the proper form or not accompanied by the filing fee or a motion to proceed in forma pauperis, and advising that the court clerk, in such instances, must "accept the defective petition and require the petitioner to submit a corrected petition.") See also Thompson v. Greene, 427 F.3d 263, 269 (4th Cir. 2005) (applying United States v. Vonn, 535 U.S. 55, 64 n.6 (2002) ("In the absence of a clear legislative mandate, the Advisory Committee Notes provide a reliable source of insight into the meaning of a rule.")); Nichols v. Bowersox, 172 F.3d 1068, 1076 (8th Cir. 1999) (holding that Rule 3 of the Rules Governing Section 2254 Cases "is not dispositive" for purposes of establishing the time of filing of a habeas petition); Harris v. Vaughn, 129 Fed. Appx. 684, 690 (3rd Cir. 2005) (holding that "the date of filing for statute of limitations purposes is the date that the [federal] habeas petition is received by the court or by the appropriate prison official (if the mailbox rule applies), regardless of whether payment or an [in forma pauperis] application is attached, as long as either follows within a reasonable time and there is no evidence of bad faith.")

[11]The Court notes that Respondent's Notice of Motion erroneously referred to the Local Rule 7(J), instead of Local Civil Rule 7(K), but the Notice complied with the requirements of Roseboro v. Garrison, 582 F.2d 309 (4th Cir. 1975). This included advising Alston that he had twenty (20) days in which to file a response to the Motion to Dismiss.

> (2) Counsel was ineffective for failing to raise the juror issue during his direct appeal (raised as state habeas petition claim (B)).

Alston raised claim 2 in his state habeas petition (as claim (B)), and that claim was rejected by the Circuit Court on the merits. Alston did not raise claim 1 in the state-court habeas proceedings, instead he raised the substantively-related, but distinct claim that he was denied his right to a fair and impartial jury (as claim (A)). In the instant federal petition, on the other hand, Alston presented the issue as claim 1 alleging ineffective assistance of counsel.

## II. **FINDINGS OF FACT AND CONCLUSIONS OF LAW**

The Court need not address the merits of the instant federal petition because the Court FINDS that the petition is barred by the statute of limitations.[12]

### A. **Statute of Limitations**

Alston's petition is barred by the statute of limitations. The statute of limitations for actions under 28 U.S.C. § 2254, effective April 24, 1996, is provided in 28 U.S.C. § 2244(d)(1):

> A 1-year period of limitation shall apply to

---

[12] The Court notes that Respondent concedes that Alston's claims are exhausted for purposes of seeking federal habeas relief in this Court: claim 2 is exhausted because Alston raised this as claim (B) in his state habeas petition, and claim 1 is simultaneously exhausted and procedurally defaulted because Alston did not present the claim in this form to the state court, and he would be barred from doing so at this juncture, see Va. Code Ann. § 8.01-654(B)(2); Pope v. Netherland, 113 F.3d 1364, 1372 (4th Cir. 1997). Respondent's Brief, at 3-4.

6

> an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from . . . the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review . . . .

28 U.S.C. § 2244(d)(1)(A).

Ordinarily, Alston would have had one (1) year from the date on which his conviction became final to file a petition for federal habeas corpus relief. His conviction became final on June 21, 2004, which was ninety (90) days after the March 23, 2004, denial of his petition for appeal by the Supreme Court of Virginia and the date upon which the period for seeking direct review of his conviction by the United States Supreme Court expired. See U.S. Sup. Ct. R. 13(1); Harris v. Hutchinson, 209 F.3d 325, 328 n.1 (4th Cir. 2000). Therefore, without considering any tolling provisions, infra, Alston had until June 21, 2005, to file his federal petition for a writ of habeas corpus. Alston did not file the instant federal petition until May 12, 2006, see supra note 10, which was approximately 325 days outside the applicable limitation period.

A person in state custody, however, may toll the running of the limitation period during the time in which a properly filed application for state post-conviction or other collateral proceedings remains pending. 28 U.S.C. § 2244(d)(2). Such an application remains pending throughout the state review process, including the time period between a lower state court's decision

7

and the filing of a notice of appeal to a higher state court. Carey v. Saffold, 536 U.S. 214, 220-21 (2002); Rouse v. Lee, 339 F.3d 238, 243-44 (4th Cir. 2003) (a state post-conviction proceeding for § 2244(d)(2) tolling purposes encompasses all state-court proceedings "from initial filing [in the trial court] to final disposition by the highest state court." (quoting Taylor v. Lee, 186 F.3d 557, 561 (4th Cir. 1999))).

An application for state post-conviction review is "properly filed" not merely when it is delivered or accepted by the relevant court. Artuz v. Bennett, 531 U.S. 4, 8 (2000). Rather:

> an application is "properly filed" when its delivery and acceptance are in compliance with the applicable laws and rules governing filings. These usually prescribe, for example, the form of the document, the time limits upon its delivery, the court and office in which it must be lodged, and the requisite filing fee.

Id. Thus, an application that does not conform to such rules, but that is nonetheless accepted by the clerk of a state court, is not a properly filed application; it is merely a "pending" application that does not toll the limitation period. Id. at 9 (application was not properly filed and limitation period was not tolled where fee was not included with filing).[13] See also Pace v. DiGugliemo,

---

[13] See also Osborn v. Dotson, 2002 WL 32443533 at *2 (E.D. Va.) (application was not properly filed because it was submitted on improper forms, was not sworn under penalty of perjury, and did not contain a description of facts and procedural history for each claim); Christian v. Baskerville, 232 F. Supp. 2d 605, 607 (E.D. Va. 2001) (petition for appeal was not properly filed because it

544 U.S. 408, 417 (2005) ("we hold that time limits, no matter their form, are 'filing' conditions. Because the state court rejected petitioner's . . . petition as untimely, it was not 'properly filed,' and he is not entitled to statutory tolling under § 2244(d)(2)"). On the other hand, an application that complies with such rules governing filings, but that contains claims that are procedurally barred, is still a properly filed application that tolls the statute of limitations. Bennett, 531 U.S. at 9.

In this case, the record reflects that Alston's first application for state habeas relief was properly filed within the meaning of § 2244(d)(2) on February 8, 2005, see supra note 5. Thus, the statute of limitations was tolled for 300 days during the time that the state habeas petition was pending, from the date it was filed, February 8, 2005, until December 5, 2005, when the Supreme Court of Virginia dismissed the petition for appeal. This tolling extended the time for Alston to file his federal habeas corpus petition to April 17, 2006.[14]  Alston did not file the

---

did not contain a list of errors as required by Va. Sup. Ct. R. 5:17(c)).

[14]There were 232 days between June 21, 2004, the date Alston's conviction became final, and February 8, 2005, the date Alston filed his state habeas petition, leaving 133 days remaining on the one-year statute of limitations period. The limitation period was then tolled 300 days during the pendency of Alston's state habeas petition. This meant that the federal petition must have been filed on or before April 17, 2006 (133 days after the denial of the petition for appeal of the state habeas petition by the Supreme Court of Virginia on December 5, 2005).

9

instant federal petition until May 12, 2006, which was approximately twenty-five (25) days after and outside the limitation period.

Accordingly, the Court FINDS that the instant petition is time-barred and recommends that it be DENIED.[15]

### III. RECOMMENDATION

For the foregoing reasons, the Court recommends that Alston's petition for a writ of habeas corpus be DENIED, that Respondent's motion to dismiss be GRANTED, and that all of Alston's claims be DISMISSED WITH PREJUDICE.

Alston has failed to demonstrate "a substantial showing of the denial of a constitutional right." Therefore, it is recommended that the Court decline to issue any certificate of appealability pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure. See Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003).

### IV. REVIEW PROCEDURE

By copy of this Report and Recommendation, the parties are notified that:

1. Any party may serve upon the other party and file with the Clerk specific written objections to the foregoing findings and

---

[15]Alston did not provide an explanation in the instant petition for exceeding the statute of limitations, nor did he respond to Respondent's Motion to Dismiss, which asserted statute of limitations as an affirmative defense. Respondent's Brief, at 4-5. Consequently, the Court does not construe Alston to provide any circumstances to support equitable tolling.

10

recommendations within ten (10) days from the date of mailing of this report to the objecting party, see 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), computed pursuant to Rule 6(a) of the Federal Rules of Civil Procedure, plus three (3) days permitted by Rule 6(e) of said rules. A party may respond to another party's specific objections within ten (10) days after being served with a copy thereof. See Fed. R. Civ. P. 72(b).

    2. A district judge shall make a de novo determination of those portions of this report or specified findings or recommendations to which objection is made.

    The parties are further notified that failure to file timely objections to the findings and recommendations set forth above will result in a waiver of the right to appeal from a judgment of this Court based on such findings and recommendations. Thomas v. Arn, 474 U.S. 140 (1985); Carr v. Hutto, 737 F.2d 433 (4th Cir. 1984); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

Entered on January 11, 2007

                                                       /s/
                                    F. Bradford Stillman
                                    United States Magistrate Judge

<u>Clerk's Mailing Certificate</u>

A copy of the foregoing Report and Recommendation was mailed this date to the following:

Joseph Alston, #321826
Sussex One State Prison
24414 Musselwhite Drive (20-#18)
Waverly, Virginia 23981
PRO SE

Alice T. Armstrong, Esq.
Assistant Attorney General
Office of the Attorney General
900 E. Main Street
Richmond, Virginia 23219

Fernando Galindo,
Acting Clerk of Court

By: _____
Deputy Clerk

January      , 2007